UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
      v.                            )    CR. No. 12-115 S
                                    )
TODD MCKINLEY,                      )
                                    )
         Defendant.                 )
_____)

### ORDER

WILLIAM E. SMITH, United States District Judge.

The charges against Defendant Todd McKinley arise from a July 26, 2009 altercation involving McKinley, a patient at the Veterans Affairs ("VA") Hospital, and four nurses. The police arrived on the scene and issued McKinley a citation for smoking in a prohibited area, disorderly conduct, and assault.

On September 18, 2009, McKinley appeared in court before Magistrate Judge Almond. Judge Almond, after recognizing that the disorderly conduct and assault allegations should have been brought by way of complaint or indictment rather than citation, dismissed those two charges without prejudice.

On February 19, 2010, the government filed a criminal complaint, charging McKinley with assault. On February 25, the government issued a summons for McKinley. The summons, however, listed an out-dated address which was obtained from a police report in a prior case.

On March 24, 2010, the government obtained a limited arrest warrant for McKinley.  Because limited arrest warrants are not entered into the NCIC database, the police were not aware of the warrant's existence.  On May 2, 2012, a VA police officer contacted the District Court clerk's office to inquire about any outstanding arrest warrants.  As a result, the VA police learned that a warrant had been issued for McKinley's arrest.  Finally, on May 9, 2012, McKinley was arrested at the VA Medical Center. He was indicted on August 15, 2012.[1]

Now before this Court is McKinley's motion to dismiss the charge against him as violative of his Sixth Amendment right to a speedy trial.  In ruling upon this motion, the Court must first determine when McKinley's Sixth Amendment right attached. The Supreme Court has stated, "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment."  United States v. Marion, 404 U.S. 307, 320 (1971).  With respect to pre-indictment delay, criminal defendants must rely upon the applicable statute of limitations and the Due Process Clause for protection.  Id. at 322-25.

---

[1] Since McKinley's May 9, 2012 arrest, the parties have been working to resolve the matter through a plea agreement. McKinley does not allege that the time after his arrest was part of any unconstitutional delay.

2

McKinley concedes that the filing of a criminal complaint is not sufficient to trigger a defendant's Sixth Amendment right to a speedy trial.  (Mot. to Dismiss Hr'g Tr. 2.); see also Rashad v. Walsh, 300 F.3d 27, 36 (1st Cir. 2002) (holding that the filing of a complaint does not constitute the "public accusation" required to trigger the Sixth Amendment's guarantee of a speedy trial (citing Marion, 404 U.S. at 321)).  Thus, McKinley's Sixth Amendment argument hinges upon his contention that his constitutional right to a speedy trial attached when he was issued a citation on July 26, 2009, and that the subsequent dismissal of the charges did nothing to affect the speedy trial clock.

Unfortunately for McKinley, this argument is directly contrary to Supreme Court precedent.  In United States v. MacDonald, 456 U.S. 1, 7 (1982), the Court unequivocally held that "the Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges.  Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause."  See also United States v. Colombo, 852 F.2d 19, 24 (1st Cir. 1988) ("Since a person who is 'between indictments' is no longer the subject of public

accusation, we do not count the time between indictments in assessing the length of time one has been 'accused.'").[2]

For this reason, the delay in this case properly analyzed under the Sixth Amendment is limited to, at most, the less than two month period between the issuance of the initial citation and the dismissal of the charges. This amount of time is not sufficient to cross "the threshold dividing ordinary from presumptively prejudicial delay." See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992) ("[L]ower courts have generally found postaccusation delay presumptively prejudicial at least as it approaches one year." (internal quotation marks omitted)).

The remainder of the delay must be analyzed under the Due Process Clause. That provision requires dismissal where pre-indictment delay causes "substantial prejudice to [the defendant's] rights to a fair trial" and is used as an "intentional device to gain tactical advantage over the accused." Marion, 404 U.S. at 324. Here, McKinley concedes

---

[2] McKinley attempts to distinguish the present case from MacDonald by arguing that the dismissal of the charges against him occurred "with the understanding that the government would be imminently" re-charging him. (See Supplemental Mem. in Supp. of Mot. to Dismiss 1, ECF No. 23.) This argument, however, is foreclosed by Colombo. There, the government successfully sought dismissal of the charges against the defendant without prejudice so that it could reprosecute in a different district. United States v. Colombo, 852 F.2d 19, 22 (1st Cir. 1988). Despite the fact that the dismissal contemplated reprosecution, the First Circuit held that the delay between the two indictments was not cognizable under the Sixth Amendment. Id. at 24.

4

that he is unable to satisfy this strict standard.  (Mot. to Dismiss Hr'g Tr. 5.)  First, McKinley's only claims concerning prejudice are that witnesses may not remember the underlying incident and that they may have moved away from the area.  The government, however, states that all four of the nurses involved in the altercation still recall the events at issue and still work at the hospital.  Similarly, there is no indication that the government intentionally delayed prosecution to gain a tactical advantage.  Rather, the delay in this case stems from two prosecutorial oversights:  (1) the government's use of an out-dated address on the summons and (2) the government's failure to notify the VA police of the outstanding warrant for McKinley's arrest in a timely manner.  While these incidents are both evidence of the government's neglect, they do not indicate any purposeful conduct.

   For the foregoing reasons, Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  November 15, 2012